"The writ of certiorari brings up an order made by Circuit Court Judge Edwin C. Caffrey dismissing an appeal taken by certain owners of property, of which the prosecutor is one, from assessments for benefits made at the instance of the township committee of the township of Saddle River. The return is meager. Counsel for both sides, apparently feeling the restraint of the matters properly presented, make, in their briefs, unsupported statements of fact that are in some measure contradictory and none of which we can receive. We must rely in our determination upon the record. The order dismissing the appeal sets forth several reasons, some of which seem to us not to be justified. We think, however, that two of the reasons are well grounded. One such would be enough to sustain the order.
"The first of the two is that the notice of appeal is defective in that it does not state or sufficiently identify the premises of the assessment which is the subject of the appeal. The prosecutor admits that the assessment blueprints distinguish the premises by block and lot numbers; and the notice of appeal, embracing a half dozen owners and a half dozen properties *Page 240 
separately owned, does not contain this distinctive information.
"The second is that the appeal was defective in that the service of the notice of appeal alleged to have been made upon the township collector and the township clerk was illegal and not in accordance with the statute in such case made and provided. The statute requires (Pamph. L. 1925, p. 237, § 5-42), that there shall be served `written notice of such appeal within such thirty days upon the tax collector and a duplicate upon the clerk of the governing body.' The prosecutor intimates in its brief that the township admits that its clerk received the notice of appeal, but that does not appear in the record. All that the record discloses is the return of the service in the following words: That `he [viz., the server] personally served a copy of the attached notice of appeal upon Joseph Gardner, clerk of the Saddle River township, at his place of business, 4 Platt avenue, Saddle River, New Jersey, by leaving the same with his daughter.' We consider that service could be made upon a daughter of the township clerk at the place of business of the clerk without being lawful service upon the clerk himself. Neither the age nor the identity of the daughter nor her relations to the place of business, nor the fact as to whether the place of business of the clerk was the township office, or indeed the office of the township clerk, was made to appear.
"We therefore conclude that the order dismissing the appeal was proper and that the writ of certiorari should be discharged, with costs to the respondent."
The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by the Supreme Court. *Page 241 
 For affirmance — THE CHANCELLOR, PARKER, LLOYD, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 13.
For reversal — None.